IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KEVIN W. FORGASON                                                                    PLAINTIFF

v.                                           CIVIL NO. 22-5070

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Kevin W. Forgason, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed his application for SSI on January 7, 2010, alleging an inability to work due to back problems, a herniated disc and a pinched sciatic nerve. (Tr. 113, 131). An administrative hearing was held on October 21, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 31-49).

 In a written decision dated February 8, 2012, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work. (Tr. 18-26). The Appeals Council declined review of the ALJ's decision on March 25, 2013. (Tr. 1-4). Plaintiff appealed the ALJ's decision to this Court.

1

Plaintiff filed a subsequent application for SSI on March 7, 2012. (Tr. 502). After holding an administrative hearing on July 31, 2013, the ALJ issued an unfavorable decision on October 9, 2013. (Tr. 502-509).

In a decision dated August 21, 2014, this Court remanded the case regarding Plaintiff's January of 2010 application back to the Commissioner for further consideration of Plaintiff's RFC and physical limitations. (Tr. 520-527). On December 3, 2014, the Appeals Council vacated the ALJ's February 8, 2012, decision; consolidated Plaintiff's January of 2010 and March of 2012 applications; and remanded Plaintiff's case back to the ALJ to issue a new decision. (Tr. 530-534). A supplemental hearing was held on January 11, 2016. (Tr. 432-467).

On August 3, 2016, the ALJ issued an unfavorable decision. (Tr. 539-547). After Plaintiff filed written exceptions to the ALJ's August 3, 2016, decision, the Appeals Council consolidated Plaintiff's applications to include the most recent June 15, 2017, SSI application, and remanded the case to an alternate ALJ on August 22, 2017. (Tr. 558-564). A supplemental administrative hearing was held on October 31, 2018, and the ALJ issued an unfavorable decision on March 8, 2019. (Tr. 405-431, 585-599). The ALJ amended the March 8, 2019, decision and issued another unfavorable decision on April 1, 2019. (Tr. 612-629). On April 28, 2020, the Appeals Council remanded the case to the ALJ for further administrative proceedings. (Tr. 630-635). A supplemental telephonic hearing was held on October 19, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 381-404).

By written decision dated December 8, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 350). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, an affective disorder, an anxiety disorder and a personality disorder.

However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 350). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except occasional climb, balance, crawl, kneel, stoop and crouch; frequent finger, handle, reach bilaterally; occasional foot controls bilaterally; limited to simple routine repetitive tasks; can respond to supervision that is simple, direct and concrete; can occasionally interact with coworkers; should not interact with the public.
> (Tr. 352).

With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cutter/paster, an addresser, and an eyeglass frames polisher. (Tr. 366).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 10, 2022. (Tr. 333-338). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF No. 14, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence

in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. 20 C.F.R. § 416.920.

**III.     Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. (ECF No. 14). Plaintiff raises the following issues on appeal: A) Whether there is legal error in the ALJ's record development; B)There is legal error requiring reversal where the ALJ erred at Steps Two and Three, inclusive of his PRT and/or "B" criteria legal analysis; C) Whether the ALJ significantly erred under *Polaski*; D) Whether the ALJ erred in his mental RFC determination; and E) Whether the ALJ erred in his physical RFC determination. (ECF No. 14, p. 3). The Court will consider each of these arguments.

**A.     Duty to Develop the Record:**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations is stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff claims that the ALJ erred by failing to fully and fairly develop the medical record regarding Plaintiff's alleged impairments and should have required additional mental and physical consultative examinations by an acceptable medical source.[1] (ECF No. 14, p. 7-13).

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of his limitations and impairments. *See Barrett v. Shalala,* 38 F.3d 1019 at 1023. While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Thus, the proper inquiry for this Court is not whether a consultative examination should have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Id*. The Court acknowledges that the relevant time period covers over ten years. However, after reviewing the entire 1,747-page administrative record, the Court finds nothing which establishes the record was inadequate for the ALJ to make his decision. The medical record includes treating physician records; four consultative mental evaluations; four consultative general physical examinations; numerous non-examining medical consultant opinions, physical exam reports; objective testing to include x-rays and MRIs and case analysis.

---

[1] 20 C.F.R. § 404.1527 governs the evaluation of medical evidence for all claims filed before March 27, 2017, which includes Plaintiff's application currently before the Court. Under the regulation, "medical opinions" must come from an acceptable medical source, and only acceptable medical sources meet the definition of a treating source for purposes of 20 C.F.R. § 404.1527(c).

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that he was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has made no demonstration that any further record development would have changed the outcome of the ALJ's determination.

Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed and that he was prejudiced by any perceived failure to develop the record.

### B. Step Two and Step Three Analysis:

At Step Two, Plaintiff states the ALJ never specified what personality disorder was found to be severe. The ALJ determined Plaintiff had a severe personality disorder and as discussed below in the Step Three analysis discussed Listing 12.08 (personality and impulse-control disorders). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. The Court does not find reversible error with the ALJ's Step Two.

To qualify for disability benefits at Step Three, Plaintiff must establish that his impairment meets or medically equals a listing. *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). Additionally, to meet or equal a listing, Plaintiff must prove he meets all of the specific criteria. *See Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014).

#### 1) Listings 12.04, 12.06 and 12.08:

Plaintiff claims the ALJ improperly found his alleged mental impairments did not meet the requirements of Listing 12.04 (depressive, bipolar, and related disorder), 12.06 (anxiety and obsessive-compulsive disorders), or 12.08 (personality and impulse-control disorders).

In order to establish that he met listing 12.08, Plaintiff would have to establish the criteria set out in both paragraphs A and B; to establish that he met listings 12.04 or 12.06 he would have

to establish the criteria set out in either both paragraphs A and B or the requirements of both paragraphs A and C. *See* 20 C.F.R. pt. 404, subpt. P, Appendix 1, § 12.00 (A)(2).

Paragraph B of each listing provides the functional criteria to evaluate how mental impairments limit the claimant's mental functioning. To satisfy the paragraph B criteria, the claimant's mental impairment must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning: 1) understand, remember, or apply information; 2) interact with others; 3) concentrate, persist, or maintain pace; and 4) adapt or manage oneself. *See* 20 C.F.R. pt. 404, subpt. P, Appendix 1, § 12.00.

Here, the ALJ specifically found Plaintiff's mental impairments did not meet any of these Listings because Plaintiff had no limitations in understanding, remembering or applying information; and moderate limitations in the remaining three areas of functioning. (Tr. 351). Upon review, the Court finds no basis for reversal on this issue. The ALJ discussed at length his findings in support by discussing Plaintiff's relevant medical history, functioning and testimony. *Id*. In all four domains, the ALJ acknowledged Plaintiff had some level impairment, but not ever greater than a moderate limitation. Accordingly, the Court finds substantial evidence that supports the ALJ's determination that Plaintiff's mental impairments do not meet the or medically equal the requirements of Listing 12.04, 12.06 or 12.08.

**2)  Listing 1.04:**

Plaintiff claims that the ALJ erred in finding his spine impairment did not meet or equal Listing 1.04 (A). (ECF No. 14, p. 18). To meet a Listing under 1.04 (A) for disorders of the spine, requires evidence of:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P, Appendix 1, § 1.04 (A).

The ALJ found Plaintiff's degenerative disc disease of the lumbar spine was a severe impairment, however he determined this impairment did not meet of equal a listing. (Tr. 350). A review of the record revealed Plaintiff has consistently, albeit sporadically, sought treatment for lower back pain throughout the time period in question. As indicated above, to meet Listing 1.04(A), Plaintiff must show evidence of motor loss. The record revealed Plaintiff's treatment providers consistently noted Plaintiff had normal muscle strength and no muscle atrophy throughout the time period in question. (Tr. 282-283, 286, 289-290, 320-321, 1263, 1368, 1396, 1409, 1436, 1492, 1662, 1703). Although Plaintiff has limitations, after thoroughly reviewing the record, Plaintiff failed to demonstrate he meets the requirements of Listing 1.04(A). Accordingly, the Court finds substantial evidence that supports the ALJ's determination that Plaintiff's spine impairment did not meet or medically equal the requirements of Listing 1.04.

### C. Subjective Allegations:

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). *See Shultz v. Astrue*, 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 F.2d at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See Id*. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See Id.; Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present case, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations. (Tr. 352-365). The ALJ decision outlined Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id.* For example, the ALJ considered that while Plaintiff complained of severe pain, the recommendation for conservative treatment, lack of objective findings, sporadic treatment and use prescribed pain management reflect Plaintiff's pain was not of such a frequency, intensity or duration to be disabled. The ALJ also noted Plaintiff's daily activities and set forth reasons for finding them not as limiting as

described by Plaintiff. While Plaintiff indicated that he required the use of a cane to ambulate, the ALJ pointed out Plaintiff did not use an assistive device when he sought medical care/treatment, and the medical record did not reflect that the use of an assistive device was recommended by a treatment provider. With respect to Plaintiff's allegations that he did not seek more consistent medical treatment due to financial constraints, there was no evidence that Plaintiff had sought low cost or free treatment and been denied care or that he stopped purchasing cigarettes in order to have funds to obtain treatment. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("However, there is no evidence Goff was ever denied medical treatment due to financial reasons.)"; *see also Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (recognizing that expenditures on non-necessities such as cigarettes undercut a claimant's allegation that he or she is unable to afford medication or treatment).

In accordance with these findings, and others contained in the record, there is no basis for reversal on this issue. *See Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (deference to the ALJ's credibility determination is warranted if the determination is supported by good reasons and substantial evidence).

### D. RFC determination[2]:

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work involving occasional climbing, balancing, crawling, kneeling, stooping and crouching; frequent fingering, handling and reaching bilaterally; occasional use of foot controls, bilaterally; limited to simple routine repetitive tasks; the ability respond to supervision that is simple, direct and concrete; occasional interaction with coworkers; and no interaction with the public. (Tr. 352, Finding 4).

---

[2] The Court combined Plaintiff's fourth and fifth claim.

Plaintiff argues the ALJ erred in this RFC determination. (ECF No. 14, p. 22-30). However, after review, the Court finds substantial evidence supporting the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id.* This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *See Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without medical opinion evidence). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. While Plaintiff disagrees with the ALJ's reasoning when discussing the evidence, Plaintiff does not point to any evidence in the record that the ALJ should have considered, but

failed to consider, in calculating Plaintiff's RFC. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. (Tr. 350-365). The mere fact Plaintiff suffers from a number of impairments does not demonstrate he has more limitations than those found in the RFC assessment above. In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. *Id.* The ALJ considered the results of objective diagnostic tests and examination findings and discussed these in his decision. *Id.* The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing his RFC. *Id*.

Plaintiff also contends the ALJ omitted discussion of Plaintiff's global assessment of functioning ("GAF") scores between 40-51. (ECF No. 14, p. 23). However, the ALJ discussed GAF scores and found the scores were not a reliable measure of functional ability. (Tr. 365). The ALJ's decision to give little weight to Plaintiff's GAF scores in the record is supported by substantial evidence because "GAF scores have no direct correlation to the severity standard used by the Commissioner." *Wright v. Colvin*, 789 F.3d 847, 855 (8th Cir. 2015) (citation omitted). As a result, GAF scores are not given the same consideration as in the past. "[A]n ALJ may afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it." *Jones v. Astrue*, 619 F.3d 963, 974 (8th Cir. 2010). The Court finds other evidence in support of the ALJ's mental RFC determination is more significant than the Plaintiff's GAF scores. Based on the foregoing, the Court finds substantial evidence supports the ALJ's RFC determination.

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart*, 390 F.3d. at 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is

13

supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice.  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of May 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE