IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**KEVIN W. FORGASON**                                                                                            **PLAINTIFF**

**V.**                                        **CASE NO. 5:22-CV-5070**

**COMMISSIONER,**
**Social Security Administration**                                                                  **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Report and Recommendation ("R&R") (Doc. 17) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, regarding Plaintiff Kevin W. Forgason's request for judicial review of the decision to deny his claim for supplemental security income benefits under the provisions of Title XVI of the Social Security Act.

The Magistrate Judge recommends affirming the Administrative Law Judge's ("ALJ") finding that Mr. Forgason is capable of performing sedentary work with restrictions and is not entitled to benefits. Mr. Forgason filed Objections to the R&R (Doc. 18), arguing the ALJ lacked substantial evidence to evaluate Mr. Forgason's residual functional capacity ("RFC")[1] and should have ordered a new orthopedic consulting examination before making his final decision.

For the reasons explained below, the Court **OVERRULES** the Objections and **ADOPTS** the R&R in its entirety.

---

[1] RFC is defined as "the most [a claimant] can still do despite [his] limitations . . . based on all the relevant evidence in [his] case record." 20 C.F.R. § 404.1545(a)(1).

1

## I.  BACKGROUND

This case has a long procedural history.  Mr. Forgason first filed for social security benefits on January 7, 2010, when he was 35 years old, alleging an inability to work because of back problems.  After a lengthy administrative appeal process, an ALJ determined in February 2012 that Mr. Forgason was physically capable of performing a full range of sedentary work.  Mr. Forgason appealed that decision to this Court.  While the appeal was pending, Mr. Forgason filed another application for social security benefits in March 2012, which once again resulted in an unfavorable administrative decision.

In August 2014, this Court adjudicated Mr. Forgason's appeal of his 2010 request for benefits and remanded the case to the Commissioner for further consideration of Mr. Forgason's RFC and physical limitations.  The Court determined that the ALJ had failed to adequately justify why he had discounted the opinion of an examining orthopedic specialist in his finding Mr. Forgason capable of performing sedentary work.  *See* Doc. 11-1, p. 339.  The Court stated it was "unsure" of how the ALJ arrived at his RFC decision and questioned whether it was supported by medical evidence.  *Id.* at p. 338.  Accordingly, the Court remanded the case to the Commissioner with instructions that Mr. Forgason "undergo an examination by another orthopedic specialist and have that specialist complete a Physical RFC Assessment."  *Id.* at p. 339.  After that piece of evidence was added to the record, the Court believed the ALJ would be in a better position to "re-evaluate [Mr. Forgason's] RFC."  *Id.*

The Appeals Council received the Court's remand order and combined Mr. Forgason's 2010 and 2012 requests for benefits into one consolidated case.  The case

was then referred to an ALJ, and—in accordance with this Court's remand instructions—Mr. Forgason was examined on March 2, 2015, by an experienced orthopedic surgeon, Dr. Ted Honghiran.  Mr. Forgason told Dr. Honghiran during the examination that "he cannot work" due to back, hip, and leg pain.  (Doc. 11-2, p. 449).  However, the doctor observed that Mr. Forgason walked with a normal gait and did not limp or require the use of an assistive device, such as a cane.  *Id.*  Dr. Honghiran also noted that Mr. Forgason could walk on his heels and on his tiptoes, climb on and off the examination table without difficulty, and successfully perform straight-leg raises on both sides.  *Id.* at pp. 449–50.  He exhibited normal range of motion in his lumbar spine and had normal reflexes.  *Id.*  The doctor's diagnosis was that Mr. Forgason suffered from back pain due to degenerative disc disease, but not herniated discs.  *Id.* at p. 450.  Following this narrative assessment, Dr. Honghiran completed a checklist designed to gauge his opinion about Mr. Forgason's RFC.  The doctor checked the boxes indicating that Mr. Forgason could sit for only two hours at a time and for no more than four hours in an eight-hour period.  *Id.* at p. 452.

The ALJ assigned to Mr. Forgason's consolidated case held a hearing in January 2016 and shortly afterward issued an opinion denying benefits.  Mr. Forgason filed an administrative appeal.  On June 15, 2017, he filed a new or amended claim for benefits, and the Appeals Council consolidated this new application with his earlier cases.  The consolidated appeal was assigned to a different ALJ, who held an administrative hearing in October 2018.  After that hearing, the ALJ once again issued an opinion unfavorable to Mr. Forgason, and Mr. Forgason once again appealed.

While this latest appeal was still pending, Mr. Forgason underwent a new physical consultative examination conducted by Advanced Practice Registered Nurse ("APRN") Abby Rudolph in January 2019. She stated in her report that Mr. Forgason complained about back pain and functional limitations during his office visit. However, APRN Rudolph documented that Mr. Forgason was able to ambulate normally and did not require assistive devices, did not suffer from muscle atrophy or sensory abnormalities, could walk on his heels and on his toes, and could rise to stand from a squatting position. *See* Doc. 11-2, pp. 828–29. Though she credited Mr. Forgason's subjective complaint of back pain, the only functional limitations she recommended were as follows: "walking: 1 minute[;] carrying/lifting: eliminate due to pain." *Id.* at p. 827. Notably, her observations of Mr. Forgason's back condition from 2019 were essentially the same as Dr. Honghiran's from 2015; there had been no marked change.

The Appeals Council assigned Mr. Forgason's newest administrative appeal to yet another ALJ in 2020. This ALJ held a telephonic hearing on October 19, 2020, during which Mr. Forgason appeared with counsel and testified. On December 8, 2020, the ALJ issued his opinion denying disability benefits. This denial is the subject at issue here. The ALJ concluded that Mr. Forgason suffers from degenerative disc disease of the lumbar spine, an affective disorder, an anxiety disorder, and a personality disorder. Nevertheless, the ALJ determined Mr. Forgason is capable of performing sedentary work with restrictions.

The Magistrate Judge reviewed the record and recommended affirming the ALJ. Mr. Forgason then filed Objections to the Magistrate Judge's R&R, arguing that the ALJ

erred in disregarding Dr. Honghiran's RFC opinion, which specified that Mr. Forgason was limited in his ability to sit for long periods of time and meant he could not perform sedentary work. Mr. Forgason also contends that if the ALJ had been disinclined to accept Dr. Honghiran's RFC from 2015,[2] he should have ordered a new specialty orthopedic assessment in 2020, and neglecting to do this was reversible error. Mr. Forgason further claims that his RFC for sedentary work was not supported by substantial evidence. He suspects the ALJ completely disregarded his testimony from certain years' hearings about his back pain and limitations, and he maintains the ALJ should have taken into account the fact that he did not seek consistent medical treatment or follow-up medical care because of inadequate finances. Mr. Forgason asks this Court to remand the case to the Commissioner to further develop the medical record regarding his physical RFC.

## II.     LEGAL STANDARD

The Court reviews this case *de novo* to "ensure that there was no legal error and that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016); *see* 42 U.S.C. § 405(g). Substantial evidence is a less onerous burden than preponderance of the evidence and exists when a reasonable mind would accept the evidence as "adequate to support a conclusion." *Austin v. Kijakazi*, 52 F.4th 723, 728 (8th Cir. 2022). In determining whether there is

---

[2] The Court observes that Dr. Honghiran submitted a follow-up report on Mr. Forgason dated April 25, 2016, after he reviewed MRIs taken in 2014. Dr. Honghiran stated that his opinion was the same as it had been in 2015, and he confirmed Mr. Forgason did not have any herniated discs. *See* Doc. 11-2, p. 742.

substantial evidence to support the ALJ's findings, the Court "must consider evidence in the record that fairly detracts from, as well as supports" the ALJ's decision. *Id*. If the Court determines that the ALJ's decision is supported by substantial evidence on the record as a whole, then it must affirm. *Myers v. Colvin*, 721 F.3d 521, 524 (8th Cir. 2013) (citing *Davidson v. Astrue*, 578 F.3d 838, 841 (8th Cir. 2009)). The Court may not reverse simply because substantial evidence exists in the record that could have supported a contrary outcome, or because the Court could have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

An RFC determination must be "based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations." *Myers*, 721 F.3d at 527 (quoting *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). It is well established that a "claimant's RFC is a medical question" that "must be supported by some medical evidence of the claimant's ability to function in the workplace." *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (quoting *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007)). The ALJ must "set forth specifically a claimant's limitations and [ ] determine how those limitations affect his RFC." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

### III. OBJECTIONS

At bottom, Mr. Forgason's Objections focus on whether the RFC for sedentary work was supported by adequate medical evidence. The Court is mindful of the fact that an ALJ "is not limited to considering medical evidence exclusively," *Harvey v. Colvin*, 839 F.3d 714, 717 (8th Cir. 2016) (citation omitted), and is not "required to discuss every piece

of evidence submitted" or support the RFC with "a specific medical opinion," *Hensley*, 829 F.3d at 932 (citations omitted).

First, Mr. Forgason contends that the ALJ inappropriately "cherry-picked and adopted portions of Dr. Honghiran's report" that tended to show Mr. Forgason could perform sedentary work "but wholly ignored the other half of his report" that showed Mr. Forgason had sitting restrictions. (Doc. 18, p. 3). Upon review of the record, the Court agrees with the Magistrate Judge that the ALJ reasonably rejected these sitting restrictions because they were "inconsistent [with] and not supported by Dr. Honghiran's *own* examination findings." (Doc. 11-1, p. 176) (emphasis added). In addition, the ALJ clearly explained why Mr. Forgason's 2020 hearing testimony about the subjective intensity, persistence, and limiting effects of his back pain were not entirely consistent with the objective medical evidence. The ALJ thoroughly reviewed the medical evidence from 2008 to 2019, *see* Doc. 11-1, pp. 173–77, and noted that the state of Mr. Forgason's lumbar spine in 2019 was much the same as it had been for the past several years—the years in which several doctors indicated that he was likely not disabled. He still suffered from pain and discomfort, but he could ambulate without assistance, walk on his heels and toes, and squat and rise.

The ALJ also considered Mr. Forgason's most recent testimony about his daily tasks. Mr. Forgason responded, "I just sit here. I go outside and sit outside for a while." (Doc. 11-1, p. 207). He reported difficulty walking and claimed he walked with a limp and used a cane, *see id.* at p. 209, but he pointed to no medical evidence to support that assertion. Though he testified there was "a big change" in his physical condition from

7

2019 to 2020, he did not go to the doctor during that time, so there is no medical evidence in the record to substantiate this claim.  *Id.* at p. 209.   When his counsel asked how he managed his back pain without seeing a doctor, he responded that he stretches and uses marijuana.  *Id.* at p. 203.

The Court is persuaded that substantial evidence supports the ALJ's finding that Mr. Forgason's back condition is not disabling[3] and that the current RFC appropriately accounts for Mr. Forgason's limitations.   The ALJ explained that he "gave little probative weight to the statements and testimony of [Mr. Forgason] in relation to his allegations of disabling impairments and limitations thereof, based upon the inconsistency when compared to the longitudinal medical evidence of record and the lack of objective medical evidence to support or substantiate his allegations."   (Doc. 11-1, p. 177).   This reasoning was sufficient to explain why the ALJ discredited some of Mr. Forgason's testimony and complaints of pain and incapacity.   Although there was substantial medical evidence to show that Mr. Forgason suffered from back pain and could not stand or walk for any great length of time, there was also substantial evidence demonstrating he could ambulate normally, had no herniated discs, and dealt with a level of pain that was not so severe that he felt compelled to seek medical treatment or was considering surgery or other medical interventions.

The final issue Mr. Forgason raises is that the most recent medical report in his file

---

[3] Moreover, Mr. Forgason's point that the ALJ did not cite to every single hearing transcript does not indicate such evidence was not considered.  See *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).   "Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted." *Id.*

is dated January 2019, nearly two years before the ALJ issued his decision. Mr. Forgason testified during the October 2020 administrative hearing that he lived alone in a remote location in Arkansas, did not have a car, and had no one to take him to medical appointments. His attorney apparently tried to schedule new medical appointments for him prior to the 2020 hearing, but for reasons not provided to this Court, no appointments took place. The ALJ even agreed to hold the record open for a 30-day period in case new medical documents could be obtained, but Mr. Forgason never submitted any other evidence. *See* Doc. 11-1, pp. 196–97.

As the Magistrate Judge observed in the R&R, "there was no evidence that Plaintiff had sought low cost or free treatment and been denied care" due to lack of funds. (Doc. 17, p. 11). The Court will not speculate as to why Mr. Forgason did not seek care during a two-year period; its finding is only that the ALJ's decision was not improperly based on an inability to pay for care. The law requires an ALJ to order a consultative medical examination "when such an evaluation is necessary for him to make an informed decision." *Dozier v. Heckler,* 754 F.2d 274, 276 (8th Cir. 1985)) (alteration in original). He "must neutrally develop the facts. He does not, however, have to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (citations omitted). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Barrett v. Shalala,* 38 F.3d 1019, 1023 (8th Cir.1994).

After careful consideration, the Court finds that the medical evidence before the

ALJ was sufficient to allow him to assess Mr. Forgason's medical conditions and craft an appropriate RFC. The ALJ concluded that Mr. Forgason's physical and mental impairments were not so severe that he could not perform sedentary work with certain restrictions. The Court acknowledges that the ALJ's conclusion is not the only one that could have been drawn from the medical record, nor is it necessarily the one the Court would have drawn. However, an ALJ's decision to deny benefits should not be disturbed if the outcome falls "within the available 'zone of choice.'" *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007) (citation omitted). And "[a]n ALJ's decision is not outside the 'zone of choice' simply because [the court] might have reached a different conclusion had [it] been the initial finder of fact." *Id*. (citation omitted and cleaned up)

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Mr. Forgason's Objections are **OVERRULED**. The R&R (Doc. 17) is **ADOPTED IN ITS ENTIRETY**, and the findings of the ALJ are affirmed.

Judgment will enter concurrently with this Order.

**IT IS SO ORDERED** on this 29th day of September, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE